AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA

V.

Manuel de la Cruz Saldana
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case O6-122M-MPT.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
NOV - 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X clear and convincing evidence   X a preponderance of the evidence: Defendant did not oppose the government's motion for detention. In addition, the court on the following bases finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community:

1. The court is not certain regarding defendant's true name. Although the evidence showed that the defendant arrested on the federal charge of illegal reentry is the same individual presently facing drug related state charges and also is the same individual previously deported, defendant has been known by at least 7 aliases. Further, his wife knows him by another name not included as one of his aliases. Defendant has also used 4 different dates of birth.
2. Defendant reported and it was confirmed that he is a citizen of the Dominican Republic. The records also confirm that defendant has been deported as an illegal alien on two prior occasions.
3. Besides his deportation history, which until recently were the only criminal matters on his record, defendant was charged on 10/6/06 by the state of De for serious drug offenses (forgery, manufactur/delivery/possession with intent to distribute a narcotic schedule I/II controlled substance and maintaining a vehicle for keeping a controlled substance). Those charges are presently outstanding and his arrest for those offenses lead to his discovery in the US and his arrest on the federal charge.
4. Defendant reported that "a friend", Danelcy Santos could confirm information he provided. Ms. Santos claimed that she was defendant's wife and her statement was confirmed by state records. At the same time, defendant claimed that he could live with a friend, another woman, if released. He also advised that he was living at a home on Patrician Blvd. in which he rented a room from a Ms. Senfort. Ms. Santos reported that her husband the defendant's "real" name was Christian Senfort (the name that was not part of the list of aliases defendant has used according to NCIC, FBI and ICE records). Ms Santos als reported that she lived with defendant at an apartment on Patrician Blvd and that they recently moved to another address on Melson Road (this address is not the same address of the woman defendant claimed he could live with if released). Clearly, defendant was not completely truthful with Pretrial Services regarding his past history and his future living arrangements.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

The evidence was very strong that defendant is in the US illegally.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 2, 2006
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).